JOAN B. TUCKER FIFE (SBN: 144572)
jfife@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

EMILIE C. WOODHEAD (SBN: 240464)
ewoodhead@winston.com
JASON S. CAMPBELL (SBN: 285044)
jscampbell@winston.com
TRISTAN R. KIRK (SBN: 313262)
tkirk@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION AND U.S. BANCORP

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREEN MILLS, PATRICK DIMMICK, and MARIEL CAMPOS, individually, on behalf themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. BANK, N.A. dba US BANK; U.S. BANCORP; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. '21CV1154 DMS MDD<br><br>(San Diego Superior Court Case No. 37-2021-00004898-CU-OE-CTL)<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Complaint filed: February 1, 2021 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 (as amended by the Class Action Fairness Act 2005, Pub. L. 109-2, section 4(a) (the "CAFA")), 1441(a) and (b), and 1446, Defendants U.S. Bank National Association and U.S. Bancorp ("Defendants") hereby jointly remove the above-entitled action to this Court from the Superior Court of the State of California for the County of San Diego. In support of removal, Defendants state as follows:

## INTRODUCTION

1. This Court has original jurisdiction under 28 U.S.C. § 1332(d) because at the time Plaintiffs Laureen Mills, Patrick Dimmick, and Mariel Campos's ("Plaintiffs") filed the Class and Representative Action Complaint and First Amended Complaint, and at this time: (1) the proposed putative class includes more than 100 members; (2) diversity of citizenship exists; and (3) the amount placed in controversy by Plaintiffs' claims exceeds $5,000,000, exclusive of interest and costs.

## THE STATE COURT ACTION

2. On February 1, 2021, Plaintiffs filed an action in the Superior Court of California in and for San Diego County entitled *Mills, et al. vs. U.S. Bank, N.A., et al.*, Case No. 34-2020-00004898-CU-OE-CTL (the "Action"). On April 15, 2021, Plaintiffs filed a First Amended Complaint. Plaintiffs served both the Complaint and First Amended Complaint on Defendants on May 24, 2021. A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit A.**

3. Plaintiffs' First Amended Complaint seeks monetary damages, penalties, and other relief against Defendants in connection with the following causes of action: (1) alleged failure to pay overtime wages in violation of California Labor Code sections 510 and 1194; (2) alleged failure to pay minimum wages in violation of California Labor Code sections 1194, 1194.2, 1197, and 1197.1; (3) alleged failure to provide meal breaks and related premiums in violation of

California Labor Code sections 226.7 and 512; (4) alleged failure to provide rest breaks and related premiums in violation of California Labor Code section 226.7; (5) alleged failure to timely pay wages due upon separation of employment in violation of California Labor Code sections 201-203 and 227.3; (6) alleged failure to provide accurate itemized wage statements in violation of California Labor Code sections 226 and 226.2; and (7) alleged unlawful and unfair business practices in violation of California Business and Professions Code section 17200, *et seq.* Plaintiffs also seek civil penalties under the Labor Code Private Attorneys General Act of 2004 (California Labor Code section 2698, et *seq.*) ("PAGA") for Defendants' alleged violations of Labor Code sections 200-204, 226, 226.7, 510, 512, 1194, 1198, and 2802.

4. Attached hereto as **Exhibit B** are true and correct copies of all other process, pleadings, discovery, and orders served upon Defendants in this action.

## JOINDER

5. Defendants have been served with a copy of the First Amended Complaint and jointly file this Notice of Removal. No other defendants are named in the Complaint or First Amended Complaint.

## TIMELINESS OF REMOVAL

6. This Notice of Removal has been filed within thirty (30) days after Defendant was served with the Complaint and First Amended Complaint on May 24, 2021. This Notice of Removal therefore is filed within the 30 days provided by 28 U.S.C. § 1446(b).

## JURISDICTION PURSUANT TO CAFA

7. Pursuant to CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). CAFA also provides for jurisdiction in the district courts

where the proposed class involves 100 or more members, or where the primary Defendant is not a State, State Officials, or other governmental entities. 28 U.S.C. § 1332(d)(5). Thus, as set forth below, this Court has original jurisdiction over this matter under 28 U.S.C. section 1332(d) because it is a class action involving more than 100 members, the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs based on the allegations that Plaintiffs set forth in the First Amended Complaint, Plaintiffs and Defendants are citizens of different states, and no Defendant is a state, state official, or government entity.

## Numerosity

8. CAFA provides that district courts shall not have jurisdiction over actions "where the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5). The First Amended Complaint asserts the following putative class: "All current and former California-based Branch Managers, who at any time four years before commencement of this action until the date of trial, were classified as exempt." (FAC ¶ 30.) Approximately 717 individuals worked in California as Branch Managers from February 1, 2017, to June 5, 2021. Therefore, the numerosity requirement for CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(5) is satisfied.

## Diversity of Citizenship

9. CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2). Citizenship is determined by their citizenship status when the action commences. *Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986).

10. **Plaintiffs are citizens of California.** To establish citizenship for diversity purposes, a natural person must be both: (a) a citizen of the United States, and (b) a domiciliary of one state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v.*

*Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A party's residence may serve as prima facie evidence of that party's domicile. *State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiffs allege that "at all material times" they resided in California and performed work for Defendants in San Diego County, California (FAC ¶¶ 3-5.) Indeed, each worked as a Branch Manager for U.S. Bank National Association in California and each Plaintiff's last known address in personnel records maintained by Defendants were in California. Plaintiffs are therefore citizens and residents of the State of California.

11. **Defendants are not citizens of California.** U.S. Bank National Association was, at the time of the filing of this action, and still is, a national banking association with its main office in Cincinnati, Ohio. Accordingly, U.S. Bank National Association was and is a citizen of Ohio. *See* 28 U.S.C. § 1348 ("All national banking associations shall, for purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located"); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank, for purposes of 28 U.S.C. § 1348, "is a citizen of the state in which its main office, as set forth in its articles of association, is located"). U.S. Bancorp was at the time of the filing of this action, and still is, a citizen of Delaware (its state of incorporation) and Minnesota (its headquarters). *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

12. Therefore, diversity of citizenship under CAFA is established because Plaintiffs are citizens of California, U.S. Bank National Association is a citizen of Ohio, and U.S. Bancorp is a citizen of Ohio and Minnesota.

### The Amount in Controversy Exceeds $6.1 Million

13. CAFA authorizes the removal of class action cases in which, among the other elements described above, the amount in controversy for all class members

exceeds $5,000,000. 28 U.S.C. § 1332(d). In determining whether the amount in controversy exceeds $5,000,000, the Court must presume that Plaintiffs will prevail on each of their claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Defendants vigorously deny the merits of Plaintiffs' claims and the theories upon which they seek to recover; however, for the sole purpose of determining whether jurisdiction exists pursuant to CAFA, the amount in controversy for all class members exceeds $5,000,000 exclusive of interest and costs.

14. **Unpaid Overtime.** Alleged lost earnings may be considered when calculating the amount in controversy. *See Lamke v. Sunstate Equip. Co., LLC*, 319 F. Supp. 2d 1029, 1031, 1033 (N.D. Cal. 2004) (taking plaintiff's lost earnings into account for determining the amount in controversy). Plaintiffs seek to recover, *inter alia*, four years of allegedly unpaid overtime wages on the theory that Defendants misclassified Plaintiffs and other Branch Managers as exempt from overtime and that "as a matter of company policy" required them to work more than eight hours per workday and more than 40 hours per workweek. (FAC ¶¶ 54-57.) Plaintiffs specifically allege that Defendants required them and each member of the putative class to work at least five shifts per week and to work more one hour of overtime *every shift* (i.e., at least five hours of overtime per week):

> "During Plaintiffs' and members of Plaintiff Class's time as Branch Managers, Defendants required Plaintiffs and members of Plaintiff Class to work at least five shifts per week and spend over 9 hours per shift working, but intentionally and improperly failed to pay to work at least five shifts per week and spend over 9 hours per shift working, but intentionally and improperly failed to pay Plaintiffs and members of Plaintiff Class overtime wages."

(FAC ¶ 56.)

15.     Plaintiffs and the putative class worked approximately 90,612 workweeks from February 1, 2017, to June 5, 2021. Although they were exempt and paid on a salary basis, their weighted average rate of pay expressed as an hourly rate was $37.98 per hour, or $56.98 per overtime hour. Although Defendants dispute Plaintiffs' claim that they are entitled to five hours of overtime pay per week, assuming for purposes of removal that Plaintiffs could prevail and recover only one-half hour of overtime pay per week (i.e., *one tenth* of the five overtime hours they seek per week), allegedly unpaid overtime totals approximately **$2,581,536** (0.5 hours per week x $56.98 per overtime hour x 90,612 workweeks).

16.     **Waiting Time Penalties.** Additionally, Plaintiffs allege that they and each putative class member that is no longer employed are entitled to 30 days of waiting time penalties pursuant to California Labor Code section 203 based on Defendants' alleged failure to pay all unpaid wages at termination. (FAC ¶ 102.) Waiting time penalties may be included when determining the amount in controversy and are calculated at the terminated employee's daily wage rate multiplied by 30 days. *See Cavada v. Inter-Cont'l Hotels Grp., Inc.*, No. 19CV1675-GPC(BLM), 2019 WL 5677846, at *9 (S.D. Cal. Nov. 1, 2019) (considering waiting time penalties as part of the amount in controversy and denying motion to remand); *see also Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998), as modified (Dec. 11, 1998) ("the critical computation required by section 203 is the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days").

17.     Approximately 222 putative class members were voluntarily or involuntarily terminated from their employment with U.S. Bank National Association in the period between February 1, 2018 and June 5, 2021. Their average earnings at the time of termination expressed as an hourly rate was $44.08. Because Plaintiffs seek 30 days of waiting time penalties pursuant to Labor Code section

203, the aggregate amount of penalties they seek is **$2,348,582** (222 class members x $44.08 per hour at termination x 8 hours per day x 30 days), increasing the total amount in controversy for Plaintiffs' claims for unpaid overtime wages and waiting time penalties to at least $4,930,118.

18. **Attorneys' Fees.** Plaintiffs also seek an unspecified amount of attorneys' fees. (FAC at Prayer.) Attorneys' fees are properly considered when determining the amount in controversy for the purposes of removal. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy"). The Ninth Circuit has established "25 percent of the fund as the benchmark for a reasonable fee award in common fund cases." *In re Bluetooth Headset Prods. Liab. Lit.*, 654 F.3d 935, 942 (9th Cir. 2011); *In Re Nat'l Collegiate Athletic Assoc. Grant-in-Aid Cap Antitrust Litig.*, 2017 WL 6040065, *2 (N.D. Cal. 2017) (the 25% benchmark is "presumptively reasonable."). Therefore, the amount of attorneys' fees at issue based only on unpaid overtime wages and associated waiting time penalties are approximately **$1,232,530** ($4,930,118 x 25%).

19. In aggregate, the potentially recoverable unpaid overtime wages and waiting time penalties and their corresponding attorneys' fees alone total approximately **$6,162,648**. This well exceeds the $5,000,000 amount in controversy threshold for purposes of removal under CAFA – before even considering potential damages for the other claims alleged in the First Amended Complaint (i.e., alleged meal period penalties, rest period penalties, wage statement penalties, and corresponding attorneys' fees for these claims).

20. **Conclusion: Jurisdiction is proper under CAFA**. Based on the foregoing, removal jurisdiction is proper under CAFA because (a) there are more than 100 putative class members, (b) Plaintiffs and Defendants are diverse, and (c) the amount in controversy exceeds $5,000,000.

///

## VENUE IS PROPER

21. Venue lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. sections 1441(a) and 1391(c) because the state court action was filed in this district.

WHEREFORE, Defendants jointly remove the above-entitled action now pending in the Superior Court of the State of California for the County of San Diego to this Court.

Dated:  June 23, 2021  WINSTON & STRAWN LLP

By: /s/*Jason S. Campbell*
Joan B. Tucker Fife
Emilie C. Woodhead
Jason S. Campbell
Tristan R. Kirk
Attorneys for Defendants
U.S. BANK NATIONAL ASSOCIATION and U.S. BANCORP